UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

PHILLIP D. MERRILL and
BRENDA Y. MERRILL,

        Debtors.
_____/

WILLIAMS DISTRIBUTING CO.,

        Plaintiff,

v.

PHILLIP D. MERRILL and
BRENDA Y. MERRILL,

        Defendants.
_____/

Case No. 18-31596
Chapter 7 Proceeding
Hon. Daniel S. Opperman

Adv. Proc. No. 18-3058

## OPINION REGARDING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

### Introduction

Before the Court is Plaintiff Williams Distributing Co.'s Motion for Summary Judgment in this adversary proceeding brought by Plaintiff against Defendants to determine the dischargeability of debt pursuant to 11 U.S.C. § 523(a)(4).

### Jurisdiction

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1334 and 157(a). This is a core proceeding under 28 U.S.C. § 157(b)(2)(I) (determinations as to the dischargeability of particular debts).

1

Facts

Defendants filed a previous Chapter 13 case on July 25, 2011. The Plaintiff in this Adversary Proceeding was also the Plaintiff in an adversary proceeding in the previous bankruptcy case, A.P. No. 11-3484, seeking a judgment of nondischargeability pursuant to 11 U.S.C. § 523(a)(4). That action was based upon a May 12, 2009 state court default judgment in the amount of $242,267.00 pursuant to M.C.L.A. § 570.151 et al., as well as conversion of trust funds pursuant to M.C.L.A. § 600.2919a.

On November 21, 2011, a Consent Order for Non-Dischargeability was entered by the Court ("Consent Judgment") upon the filed Stipulation to Entry of Consent Judgment. The Stipulation was signed by counsel for Plaintiff and Defendants, as well as Defendants individually "w/ fax permission." Paragraph 9 of the Stipulation provides that it "may be transmitted by facsimile, and said facsimile shall be deemed as an original."

The Consent Judgment states in relevant part, at Paragraph 1:

**A Judgment is granted in favor of Williams and against Defendants in this adversary proceeding in the amount of Two Hundred Sixty One Thousand Seven Hundred Forty Six and 09/100 Dollars ($261,746.09), plus federal statutory interest and costs. The judgment and [sic] shall be non-dischargeable pursuant to 11 U.S.C. § 523(a)(4) and the terms of Stipulation to Entry of Consent Judgment filed in this case and the automatic stay is lifted pursuant to 11 U.S.C. § 362(c)(2)(C).**

The Consent Judgment further contained enforcement, collection and default terms, which included a provision that Defendants were required to actively market for sale and sell 25 vacant lots owned by the Debtors until the Consent Judgment was satisfied in full.

Defendants filed this Chapter 7 bankruptcy on July 5, 2018. In the instant Adversary Proceeding, filed on July 24, 2018, Plaintiff contests the nondischargeability of the debt owed it, in the current amount of $266,239.99, asserting that Defendants failed to market the vacant lots

2

for sale and failed to pay property taxes for such.  Plaintiff asserts that this failure to comply with the Consent Judgment occurred during the pendency of the previous Chapter 13 case, and as a result, Plaintiff filed a motion for relief from stay and a motion to dismiss in the previous case, which ultimately were resolved and withdrawn by Plaintiff.  Plaintiff filed a second motion for relief from stay in the previous case, which again was settled and withdrawn by Plaintiff.  Defendants' previous Chapter 13 case was ultimately dismissed for failure to make plan payments on February 21, 2017.

Plaintiff files the instant Motion for Summary Judgment, arguing that pursuant to the Consent Judgment under Section 523(a)(4) and under principles of res judicata and collateral estoppel, there is no genuine issue of fact that this debt is nondischargeable.

Defendants respond, asserting that fact issues exist as to whether they consented in writing to the Consent Judgment, denying that they ever gave authority to such and attaching affidavits to support this allegation.  Defendants further deny the factual allegations made by Plaintiff underlying the Consent Judgment.  Specifically, Defendants deny that the state court default judgment and the Consent Judgment support a finding of the Section 523(a)(4) elements.

<u>Law</u>

1. <u>Summary Judgment Standard</u>

Federal Rule of Civil Procedure 56 is made applicable in its entirety to bankruptcy adversary proceedings by Fed. R. Bankr. P. 7056.  Federal Rule of Bankruptcy Procedure 7056(c) provides that summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  *See Choate v. Landis Tool Co.*, 46 F. Supp. 774 (E.D. Mich. 1980).  The moving party

3

bears the burden of showing the absence of a genuine issue of material fact as to an essential element of the non-moving party's case. *Street v. J.C. Bradford & Co.*, 886 F.2d 1472 (6th Cir. 1989) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The burden then shifts to the nonmoving party once the moving party has met its burden, and the nonmoving party must then establish that a genuine issue of material fact does indeed exist. *Janda v. Riley-Meggs Industries, Inc.*, 764 F. Supp 1223, 1227 (E.D. Mich. 1991).

2. <u>Collateral Estoppel/Issue Preclusion</u>

"Collateral estoppel precludes relitigation of an issue in a [1] subsequent, different cause of action [2] between the same parties [3] where the prior proceeding culminated in a valid, final judgment and the issue was [4] actually litigated, and [5] necessarily determined." *People v. Gates*, 452 N.W.2d 627, 630 (Mich. 1990) (footnote and citations omitted). "[A]n issue 'must be identical to that determined in the prior action' to have been actually litigated." *Livingston v. Transnation Title Ins. Co. (In re Livingston)*, 372 Fed. Appx. 613, 617, 2010 WL 1404530 (6th Cir. Apr. 9, 2010) (quoting *Amalgamated Transit Union, Local 1564, AFL-CIO v. S.E. Mich. Transp. Auth.*, 473 N.W.3d 249, 254-55 (Mich. 1991)). "The inability of a court to determine the basis for the prior judgment is, by itself, enough to preclude the defense of collateral estoppel." *Id.* at 618 (internal quotation marks and citation omitted).

Under Michigan law, "[a]n issue is necessarily determined only if it is 'essential' to the judgment. . . . Collateral estoppel applies only where the basis of the prior judgment can be ascertained clearly, definitely, and unequivocally." *People v. Gates*, 452 N.W.2d at 631 (citation omitted). "For collateral estoppel to apply, the issues must be identical, and not merely similar." *Horn v. Department of Corrections*, 548 N.W.2d 660, 662 (Mich. Ct. App. 1996) (internal quotation marks and citation omitted).

4

Michigan courts have generally held that consent judgments are not to be given collateral estoppel effect. *See Goldman v. Wexler*, 333 N.W.2d 121, 122-23 (Mich. Ct. App. 1983) (citing *American Mutual Liability Ins. Co. v. Michigan Mutual Liability Co.*, 64 Mich. App. 315, 326-27, 235 N.W.2d 769 (1975); *Berar Enterprises, Inc. v. Harmon*, 101 Mich. App. 216, 300 N.W.2d 519 (1980); *Peterson v. Lapeer*, 106 Mich. App. 148, 155-56, 307 N.W.2d 744 (1981); *Modern Views of State Courts as to Whether Consent Judgment is Entitled to Res Judicata or Collateral Estoppel Effect*, 91 A.L.R.3d 1170, 1183); *see also Fifth Third Bank of Northwestern Ohio, N.A. v. Baumhaft (In re Baumhaft)*, 271 B.R. 523, 526 (Bankr. E.D. Mich. 2001). This general rule does have an exception, however. If the parties have entered into an agreement expressly "'manifesting an intention that the judgment be conclusive with respect to one or more of the issues,'" the consent judgment may be given collateral estoppel effect as to those issues. *Baumhaft*, 271 B.R. at 526 (quoting *Mustaine v. Kennedy (In re Kennedy)*, 243 B.R. 1, 12 (Bankr. W.D. Ky. 1997) (citation omitted)); *see also Indus. Ins. Serv. v. Zick (In re Zick)*, 100 B.R. 867, 869 (Bankr. E.D. Mich. 1989) ("[I]f the parties intend their compromise and settlement to bind them on certain issues of fact and if the consent judgment reflects that intention, collateral estoppel will apply.") (citing and applying *Am. Mutual Liability Ins. Co. v. Mich. Mutual Liability Co.*, 235 N.W.2d 769, 776 n.13) (Mich. Ct. App. 1975))). If a consent judgment, alone, does not constitute collateral estoppel, a party may prove "from the record of the prior case or through extrinsic evidence that the parties intended the consent judgment to operate as a final adjudication of a particular issue." *Brainin v. Austin (In re Balbirer)*, 790 F.2d 1524, 1528-29 (11th Cir. 1986) (remanding case for bankruptcy court to determine the parties' intent for collateral estoppel purposes in consenting to the dismissal of a prior state court case).

3. 11 U.S.C. § 523(a)(4)

Section 523(a)(4) excepts from discharge a debt "for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny . . . ." The Sixth Circuit has held that § 523(a)(4) requires:

(1) a fiduciary relationship

    (a) in the form of an express trust or

    (b) technical trust relationship;

(2) breach of that fiduciary relationship; and

(3) a resulting loss.

*R.E. America, Inc. v. Garver (In re Garver)*, 116 F.3d 176, 178-79 (6th Cir. 1997); *see also Patel v. Shamrock Floorcovering Services, Inc. (In re Patel)*, 565 F.3d 963 (6th Cir. 2009); *In re Johnson*, 691 F.2d 249, 251-52 (6th Cir. 1982) (finding that fiduciary capacity "applies only to express or technical trusts and does not extend to implied trusts, which are imposed on transactions by operation of law as a matter of equity" and "the requisite trust relationship must exist prior to the act creating the debt and without reference to it") (citations omitted).

To establish the existence of an express trust, the plaintiff "must demonstrate: (1) an intent to create a trust; (2) a trustee; (3) a trust res; and (4) a definite beneficiary." *Patel*, 565 F.3d at 968 (internal quotation marks and citation omitted).

Analysis and Conclusion

The Court first concludes that there is no issue of fact that Defendants did sign or give authority for their counsel to sign the Consent Judgment. The Consent Judgment is signed by Defendants with "fax permission," and is also signed by Defendants' counsel and Plaintiff's counsel. Defendants have filed Affidavits with their Response to the instant Summary Judgment

6

18-03058-dof    Doc 46    Filed 02/05/19    Entered 02/05/19 12:38:12    Page 6 of 9

Motion, attesting that they did not consent to, authorize or sign the Stipulation to Entry of Consent Judgment. The Court concludes as a matter of law that Defendants are bound by the signature of their attorney at the time on the Consent Judgment, which is further supported by the email correspondence attached to the pleadings in this case. The general rule is that "when a client hires an attorney and holds him out as counsel representing him in a matter, the client clothes the attorney with apparent authority to settle claims connected with the matter." *Capital Dredge and Dock Corp. v. City of* Detroit, 800 F.2d 525, 530-31 (6th Cir. 1986) (citing various decisions and concluding that this "apparent authority" is supported under Michigan law). Thus, the third party to the settlement is entitled to enforce such, even if the attorney acted contrary to the client's instruction, the remedy for the client then being an action for professional malpractice against the attorney. *Id.*

Further, the equitable doctrine of laches applies to this case and bolsters the apparent authority of Defendants' counsel in signing the Consent Judgment. "Laches is the 'negligent and unintentional failure to protect one's rights.'" *Elvis Presley Enter., Inc. v. Elvisly Yours, Inc.*, 936 F.2d 889, 894 (6th Cir. 1991). A review of the docket in the previous bankruptcy case and adversary proceeding indicates that Defendants repeatedly ratified the validity of the Consent Judgment in their responsive pleadings to two motions for relief from stay and a motion to dismiss. The passage of time from entry of the Consent Judgment on November 21, 2011, through November 2015, when the Defendants' response to the second relief from stay motion was filed, though the dismissal of the previous case in February 2017, and up to current date with the Chapter 7 filing of the current case, bars Defendants from pursuing this argument under the doctrine of laches.

7

18-03058-dof    Doc 46    Filed 02/05/19    Entered 02/05/19 12:38:12    Page 7 of 9

The Court next concludes that while it is possible for consent judgments to be given collateral estoppel effect, fact issues exist as to whether the Court made the requisite findings of nondischargeability pursuant to Section 523(a)(4) in the previous adversary proceeding. Generally, consent judgments do not have collateral estoppel effect. The Consent Judgment here stated that the amount of $261,746.09 owing from Defendants to Plaintiff is nondischargeable pursuant to Section 523(a)(4). The Court does not find that, on its face, this settlement recited any issues of fact or intention that would bind the parties on the elements essential to a nondischargeability determination under Section 523(a)(4). This case is distinguishable from the debtor in the *Baumhaft* case, in which, along with the settlement agreement, a verified statement was executed stipulating to certain facts sufficient to establish the required elements for collateral estoppel purposes. Here the Consent Judgment, alone, does not state the elements for a finding of nondischargeability pursuant to Section 523(a)(4). However, the Court does not foreclose Plaintiff from, at trial, presenting "extrinsic evidence that the parties intended the [C]onsent [J]udgment to operate as a final adjudication" on the requisite Section 523(a)(4) elements. *See Balbirer*, 790 F.2d at 1528.

For these reasons, the Court denies Plaintiff's Motion for Summary Judgment. The Court will enter an appropriate Order.

**Not for Publication**

**Signed on February 05, 2019**



/s/ Daniel S. Opperman

Daniel S. Opperman
United States Bankruptcy Judge

9